IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,109-01






EX PARTE DAVID SIGEE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 10-310-SJ IN THE 130TH DISTRICT COURT


FROM MATAGORDA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
marihuana and sentenced to twenty months' imprisonment. He did not appeal his conviction.

 Applicant contends that trial counsel rendered ineffective assistance because he failed to
inform Applicant that the marihuana weighed less than four ounces. Applicant has alleged facts that,
if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke,
13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to
Applicant's claim. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact as to whether there is evidence in the record
indicating that the marihuana weighed less than four ounces. The trial court shall then determine
whether trial counsel's performance was deficient and, if so, whether his deficient performance
rendered Applicant's plea involuntary. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 24, 2011

Do not publish